UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN E. BARNHOUSE,

       Plaintiff,

v.

HAROLD CLARK, et al.,

       Defendants.

No. C09-5527 RBL/KLS

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court are Plaintiff's motions for the appointment of counsel. Dkt. 8, 10 and 17. Having carefully reviewed Plaintiff's motions and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motions should be denied.

## I. DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may

ORDER DENYING MOTION FOR COUNSEL - 1

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff states that he should be appointed counsel because he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, the issues are complex, he has limited access to the law library and counsel would be better equipped to present evidence and cross-examine witnesses. Dkt. 8, pp. 1-2. His second motion for counsel is a duplication of his first motion. Dkt. 9. In his third motion for counsel, Plaintiff again states the same grounds for the appointment of counsel, but attaches a memorandum in support. Dkt. 17, pp. 3-15. Here, Plaintiff argues that his claim has merit because the incident was previously "expunged" in the

ORDER DENYING MOTION FOR COUNSEL - 2

Court of Appeals and because his exhibits prove beyond doubt that there was an Eighth Amendment violation. See e.g., *id.*, pp. 3-4. Mr. Barnhouse also seeks a preliminary injunction, stating that without an injunction "injury, loss or damage will result" from the "ongoing violation of Mr. Barnhouse's constitutional rights." *Id.*, pp. 11-12. Mr. Barnhouse bases his request for a preliminary injunction on the fact that defendants used excessive force and failed to file a report. *Id.*

To the extent Plaintiff seeks a preliminary injunction, he is advised that the Court will not entertain such a motion at this time as the named defendants have not been served with the complaint[1] and Plaintiff has not served defendants with his motion for preliminary injunction. Plaintiff is advised that, pursuant to Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party.

A temporary restraining order may be granted under Rule 65(b), but only if:

1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

2) the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

After defendants have been properly served with the complaint and have appeared in this action, by filing a notice and serving it on the Defendants or their counsel, Plaintiff may file a motion and note it on the Court's calendar for the third Friday after filing and service of the motion.

---

[1] By separate order, Plaintiff was directed to provide service copies of his complaint so that service by the Marshal Service may be commenced.

ORDER DENYING MOTION FOR COUNSEL - 3

With regard to Plaintiff's request for counsel, his indigency, inability to obtain counsel and lack of legal skills are not exceptional circumstances which warrant the appointment of counsel. Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Plaintiff has also not shown a likelihood of success on the merits beyond his conclusory allegations that his case has merit. There is no evidence to support Plaintiff's assertion that the "same incident" was "expunged" by the Washington Court of Appeals and/or that such "expungement" supports a finding of Eighth Amendment violations.

Accordingly, Plaintiff's motions to appoint counsel (Dkts. 8, 10 and 17) are **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED at Tacoma, Washington this  9th  day of October, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 4