UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN E. BARNHOUSE,

                Plaintiff,

v.

HAROLD CLARK, et al.,

                Defendants.

No. C09-5527 RBL/KLS

ORDER DENYING FOURTH MOTION
FOR THE APPOINTMENT OF COUNSEL

Before the court is Plaintiff's fourth motion for the appointment of counsel. Dkt. 33. Plaintiff's previous motions for counsel (Dkts. 8, 10 and 17) were previously denied by this court (Dkt. 21) and Plaintiff's motion for reconsideration of the court's order of denial (Dkt. 26) was denied by Judge Leighton. Dkt. 31.

**I. DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional

ORDER DENYING MOTION FOR COUNSEL - 1

circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff states that he should be appointed counsel because he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, the issues are complex, he has limited access to the law library and counsel would be better equipped to present evidence and cross-examine witnesses, and exculpatory evidence is being withheld. Dkt. 33, pp. 1-2. In addition, Plaintiff states that he has a learning disability, is physically disabled, has mental problems from the alleged assaults, and has a torn rotator cuff which limits his ability to write more than two pages. *Id.*, p. 2.

With regard to Plaintiff's request for counsel, his indigency, inability to obtain counsel and lack of legal skills are not exceptional circumstances which warrant the appointment of counsel. Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff

ORDER DENYING MOTION FOR COUNSEL - 2

has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Plaintiff has also not shown a likelihood of success on the merits beyond his conclusory allegations that his case has merit.

With regard to Plaintiff's claims of physical and mental disabilities, the court has no evidence that such disabilities hinder Plaintiff's ability to adequately articulate his claims. If Plaintiff needs additional time to prosecute this matter, he should provide the Court with documentation of his medical conditions so that the Court may make a determination as to any additional time and/or assistance that may be required in this case.

Accordingly, Plaintiff's fourth motion to appoint counsel (Dkt. 33) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  14th  day of December, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3