UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN E. BARNHOUSE,

                Plaintiff,

   v.

HAROLD CLARKE, et al.,

                Defendants.

No. C09-5527 RBL/KLS

ORDER GRANTING MOTION TO SUBMIT MEDICAL RECORDS AND DENYING FIFTH MOTION FOR THE APPOINTMENT OF COUNSEL

Before the court are Plaintiff's motion to submit medical records (Dkt. 41) and fifth motion for the appointment of counsel (Dkt. 42). Plaintiff's previous four motions for appointment of counsel (dkts. 8, 10, 17, and 33) were denied. (Dkts. 21 and 39). In the court's Order denying Plaintiff's fourth motion for counsel, the court noted that it has no evidence that Plaintiff's claimed disabilities hinder his ability to adequately articulate his claims. Dkt. 39, p. 3. It is assumed that the medical records attached to Plaintiff's affidavit in support of his motion to submit medical records have been submitted so that the court may consider the medical records in conjunction with Plaintiff's latest motion for counsel.

*DISCUSSION*

As Plaintiff is well aware, no constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel

ORDER DENYING MOTION FOR COUNSEL - 1

under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

In his latest motion, Plaintiff states that he should be appointed counsel because he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, the issues are complex, he has no legal training and limited library access. Dkt. 42. Plaintiff's indigency, inability to obtain counsel and lack of legal skills are not exceptional circumstances which warrant the appointment of counsel.

Plaintiff also states that because of a torn rotator cuff, he cannot write clearly, his sixth grade education limits his ability to spell correctly, and he suffers from post tramatic stress disorder due to repeated assaults by prison guards. Dkt. 41-1.

The medical records provided by Plaintiff consist of MRI reports and a post-op report referring to medical care in 2006 and 2007. Dkt. 41-1. These records indicate that Mr. Barnhouse underwent surgery in 2006 for fusion on his 5th vertebrae and that an MRI was performed on Plaintiff's right shoulder in November 2007. The records do not, however, indicate the present status of Plaintiff's medical condition nor do they indicate that he is unable to prosecute this matter. Plaintiff has demonstrated an adequate ability to write and articulate his claims *pro se*. Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Plaintiff has also not shown a likelihood of success on the merits aside from his conclusory statements that his case has merit.

Accordingly, Plaintiff's motion to submit medical records (Dkt. 41) is **GRANTED** and his fifth motion to appoint counsel (Dkt. 42) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  8th  day of March, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3